IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>BRIDGER PUBLIC SCHOOL DISTRICT #2, BRIDGER SCHOOL BOARD, BRANDON BLANTON, JAMES HINDMAN, TERRY HINDMAN, DANNY DORVALL, BRAD DORVALL, TANYA DORVALL, BRENT BOGGIO, and GEARY BOGGIO,<br><br>           Defendants. | CV-06-124-BLG-RFC-CSO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

Pending before the Court is Defendants Bridger Public School District #2 and Bridger School Board's Motion to Stay Proceedings.  See *Court's Doc. No. 20*.  Defendants Brandon Blanton, James Hindman, Terry Hindman, Danny Dorvall, Brad Dorvall, Tanya Dorvall, Brent Boggio, and Geary Boggio have joined in this motion.  See *Court's Doc. No. 24*.[1]  Having carefully reviewed the parties' filings and considered the

---

[1] The Court will collectively refer herein to all of these parties as "Defendants".

arguments advanced in their briefs, the Court is prepared to rule.[2]

## I. BACKGROUND

This case involves the interpretation of General Liability Coverage Policy, Policy No. 3XZ123001-00 ("Policy") issued by Plaintiff American Motorist Insurance Company ("AMICO") to Defendant Bridger School.[3]  See *Plf.'s Compl.* at Ex. A.  On January 12, 2005, Defendants Brandon Blanton, James Hindman, Terry Hindman, Danny Dorvall, Brad Dorvall, Tanya Dorvall, Brent Boggio, and Geary Boggio ("underlying Plaintiffs") filed suit against Deb Black, Randy Ecker, and Defendants Bridger Public School District #2 and Bridger School Board ("underlying Defendants") in the United States District Court of the District of Montana, Billings Division, Cause No. CV-05-08-BLG-RFC (referred to herein as "underlying action").  Id. at ¶ 11.  In the underlying action, the underlying Plaintiffs alleged that from the spring of 2002 to February 2004, teacher Randy Ecker, with the approval of superintendent Deb Black, on four occasions required special education students to clean up and remove what these officials knew were asbestos containing materials, as well

---

[2] By Notice filed February 20, 2007, upon the parties' written consent, this case was assigned to the undersigned for all purposes.  See *Court's Doc. No. 12*.

[3] The Policy was originally issued by Specialty National Insurance Company, which merged with and into AMICO on August 31, 2004.  *Plf.'s Compl.* at ¶ 2.

as massive amounts of mouse feces and dead animal matter, from buildings on the school campus without safety training or proper protective equipment.  Id. at ¶ 12.  The underlying Plaintiffs' complaint alleges six counts: negligence per se; negligence; negligent misrepresentation; negligent infliction of emotional distress; violation of civil rights; and unjust enrichment.  Id. at ¶ 13.  They also seek compensatory and punitive damages, costs and attorneys fees.  Id.

AMICO has undertaken the defense of the underlying Defendants under a reservation of rights.  Id. at ¶ 14.  AMICO filed this action to obtain the Court's ruling that there is "no coverage under the Policy for any injuries the underlying [P]laintiffs may have suffered as a result of '[i]nhaling, ingesting or physical exposure to asbestos or goods or products containing asbestos' or '[t]he removal of asbestos from any good, product or structure,' as such injuries and damages are expressly excluded under the Policy.  Id. at ¶ 16.  AMICO also alleges that there is no coverage under the Policy for any injuries or damages associated with the underlying Plaintiffs' equal protection claim.  Id. at ¶ 17.

On November 23, 2005, Judge Cebull issued a three-month stay in the underlying action because the United States Environmental Protection Agency was conducting an investigation into possible criminal violations at Bridger School.  See *Def.s'*

*Mot. to Stay* at Ex. A.  Judge Cebull found that the stay would help protect the underlying Defendants' Fifth Amendment privilege against self-incrimination.  Id. at pg. 8.  The stay has been extended and is currently set to expire on June 21, 2007.  See Cause No. CV-05-08-BLG-RFC, *Court's Doc. No. 40*.  If appropriate, the stay is subject to further renewals.

## II.  STANDARD OF REVIEW

A Court may, in its discretion, stay civil proceedings when the interest of justice so requires.  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (citing S.E.C. v. Dresser Indus., 628 F.2d 1368, 1375 (D.C. Cir. 1980), quoting U.S. v. Kordel, 397 U.S. 1, 12, n. 27 (1970)).  A district court may stay civil proceedings pending the outcome of parallel criminal proceedings, however, such action is not required by the Constitution.  Id. (citing Fed. Savings & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902-03 (9th Cir. 1989)).  A decision whether to stay should be made "'in light of the particular circumstances and competing interests involved in the case.'"  Id. (quoting Molinaro, 889 F.2d at 902).

"The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned."  Walsh v. Cristo Property Management, Ltd., 7 F.Supp.2d 523, 527 (D.N.J. 1998).  The possibility for self-incrimination is greatest at this stage, and the potential harm

to civil litigants arising from delaying the case is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.  Id. (citing Parallel Civil & Criminal Proceedings, 129 F.R.D. 201, 203 (D.N.J. 1989)).  "[B]ecause there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, *pre*-indictment requests for a stay are generally denied.  Id. (citing U.S. v. Private Sanitation Indus. Ass'n, 811 F.Supp. 802, 805 (E.D.N.Y. 1992)).

Each case must be evaluated individually.  Id. (citing Volmar Distributors, Inc. v. N.Y. Post Co., 152 F.R.D. 36, 38 (S.D.N.Y. 1993)).  It is still possible, however, to obtain a stay, even though an indictment has not yet been returned, if the United States is conducting an active parallel criminal investigation.  Id. (Parallel Proceedings, 129 F.R.D. at 204).  When a Court must decide whether to stay civil proceedings in the face of parallel criminal proceedings, certain factors guide the Court's decision.  See Keating, 45 F.3d at 324-25; Molinaro, 889 F.2d at 902-03.  In addition to considering Fifth Amendment rights, the Court should generally consider the following factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience

of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.  Id., 889 F.2d at 903.

### III. DISCUSSION

#### A.   PARTIES' ARGUMENTS

Defendants argue that this case should be stayed until the pending criminal investigation being conducted by the United States Attorney's office is resolved.  *Def.s' Mot. to Stay* at 2.  They contend that they will need to conduct discovery in order to defend against AMICO's declaratory judgment action.  Defendants assert that "because of the pending criminal investigation, Bridger School cannot present facts relevant to the coverage issue without jeopardizing the Fifth Amendment rights of the board members and employees involved."  *Def.s' Brief in Support* at 3.  They argue that a stay is appropriate so that potential conflicts with the pending stay in the underlying action are prevented.  Id.

AMICO responds by arguing that the considerations which supported the granting of the stay in the underlying action are not present in this case.  *AMICO's Response* at 5.  It contends that "Defendants' attempt to create a need for discovery, and to thereby achieve further delay, should be rejected."  Id.  AMICO

asserts that no discovery is necessary with respect to the underlying Plaintiffs' theory of liability.  Id. at 6.  It asserts that it is "entitled to a ruling on the unambiguous policy provisions, and should not be forced to wait indefinitely for the stay in the underlying case to be lifted."  Id. at 8.

**B. ANALYSIS**

The movants here state that the underlying Defendants are possible targets of a criminal investigation by the United States Attorney's office.  As of this date, no indictment(s) have been issued.  The United States, however, has been conducting an active parallel criminal investigation and has attempted to interview several employees of the school district.  Accordingly, for the reasons stated in Judge Cebull's November 23, 2005, Order, the Court will grant in part Defendants' motion to stay.

The parties dispute whether there are any material issues of fact that must be resolved for the court to rule in this matter.  AMICO argues that its declaratory judgment action seeks a ruling "on two straightforward coverage issues" which "can and should be [decided] as a matter of law...."  *AMICO's Response* at 1.  Defendants argue that they will need to present facts to support their position that the conduct giving rise to the negligent hiring, supervision and training claims was independent of the conduct that caused the alleged asbestos

-7-

exposure.  *Def.s' Reply Brief* at 3.

At this stage of the proceedings, absent the filing and briefing of a motion for summary judgment or other dispositive motion, the Court cannot determine whether summary rulings are appropriate.  Therefore, the stay will extend only to the conduct of discovery, not to the filing of motions.  If, after considering any motions that may be filed, the Court concludes that fact issues preclude ruling, the motions will be denied with leave to renew after the stay is lifted.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Stay Proceedings (*Court's Doc. No.* 20) is **GRANTED in part** and **DENIED in part**.  Discovery in this case is stayed until June 21, 2007, at which time, Defendants may renew their motion.

DONE and DATED this 24th day of April, 2007.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge